142

**FLORISTS TELEGRAPH DELIVERY ASS'N, Inc. v. AMLING'S OF CALIFORNIA, Inc.**

·Patent Appeal No. 5558.

United States Court of Customs
and Patent Appeals.
April 12, 1949.

Robert I. Dennison, of Washington, D. C., for appellant.

Jas. M. Naylor and Naylor & Lassagne, all of San Francisco, Cal. (James Atkins, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences in which the opposition of appellant had been sustained, and in which it was held that appellee was adjudged not entitled under section 5 of the Trade-Mark Act of February 20, 1905, 33 Stat. 725, as amended, to the registration of its composite mark consisting of a rhomboidal outline containing an outstretched bird wing, the latter having imprinted upon it the letters "F A D" displayed in a unique and distinctive fashion, the letters "A" and "D" being connected to the letter "F" by an extension of the lower horizontal bar of the "F" through the letters "A" and "D." The letter "F" has a head disposed on the top corner which appellee says is to "create a grotesque human figure with outstretched arms. The arms appear to support a miniature plaque or picture of a flower." Appellee has disclaimed the words "Flowers Air Delivered" which are arranged about the upper margin of the bird wing.

It is alleged in appellee's application for registration that appellee has used its mark on its goods since August 22, 1944.

In its notice of opposition, appellant alleges that it is "commonly and almost invariably referred to by its members and by florists in general and by persons dealing with the association and its members, as 'F.T.D.,' and that this abbreviation is commonly used in Opposer's magazine, advertising, other printed matter, and letters, and that such use of 'F.T.D.' with reference to and by Opposer long antedates the use alleged for the trade-mark opposed"; that the opposer in October 1939 adopted as its emblem and the trade-mark of its members a circular seal depicting the mythological character Mercury in a running posture and including the words "Authorized Florists' Telegraph Delivery Shop," with the letters "F," "T," and "D" relatively enlarged and thus rendered extremely prominent, and that said emblem or trade-mark has since been continuously used by substantially all of opposer's members on their premises, delivery boxes, and tags, and has appeared consistently in its

advertising and other printed matter, and that said trade-mark was registered by opposer as a collective mark under date of May 23, 1944, registration No. 407,189, for natural flowers and plants in class 1, Raw or Partly Prepared Materials; that opposer's expense for publicity currently exceeds $125,000 per year; that the mark whereof registration is opposed is for precisely the same goods as those with which opposer's name and the aforementioned very common abbreviation, "F.T.D.," are thoroughly identified; that the abbreviation "F A D" prominently appearing in the mark opposed is unduly, unnecessarily, and confusingly similar to the abbreviation "F.T.D."; that the abbreviation "F.T.D." through long continued and extensive use to designate opposer and its members and their goods, has become well recognized in the floral business, and allied businesses, and by a considerable section of the general public; that use and registration of the trade-mark opposed will cause confusion in the trade and in the mind of the public, and will do irreparable damage to appellant and its members; and, that the use or registration of the opposed mark would constitute a substantial appropriation of opposer's corporate name, in view of the common recognition of "F.T.D." as an abbreviation of such name.

Each of the parties introduced evidence, filed briefs, and were represented by counsel at the hearings.

The evidence establishes that the appellant does not sell or grow flowers and does not provide or produce florist's supplies, but rather it is an organization composed of independent wholesale and retail florists, growers, and dealers in florist's supplies; that it renders services to its members, such as conducting a clearing house for flower sales by wire transactions, stimulating patronage of members of its association by advertising and by publishing a magazine of interest to florists; that it provides facilities whereby purchasers may place orders with nearby members of the association for the delivery of fresh flowers and plants at distant domestic and foreign points through other members located in the areas of delivery.

The evidence also establishes that appellee is an independent wholesaler of flowers; that it sells flowers to retail florists and fills orders for flowers by shipments via refrigerated express cars or via air express; that appellee advertises in various publications circulated among florists; and, that when orders are shipped by air express, it applies to the packages a label bearing the trade-mark sought to be registered.

In his decision, the examiner held that the mark of appellant is so distinctively different from that of appellee that it obviates any likelihood of their confusion in use, but that appellant was entitled to prevail under the name clause of section 5 of the Trade-Mark Act of February 20, 1905; that "F.T.D." when used in connection with the florist trade is widely known as a name of the appellant; that appellant must be regarded as the owner of the name "F.T.D."; that "In sound the difference between this term 'F.A.D.' and the opposer's abbreviated name 'F.T.D.' are deemed to be negligible" but "that the concurrent use of the mark and name in competitive businesses is quite likely to cause deception of purchasers and confusion of identities of the parties," and he accordingly sustained the notice of opposition.

The commissioner reversed that decision of the examiner and held that,

"Even were applicant's mark merely the letters 'F A D,' it would differ very considerably from the initials 'F.T.D.' The two notations viewed as a whole do not look alike, nor do they sound alike when spoken. But 'F A D' is not applicant's mark. The mark comprises those letters printed in a 'particular or distinctive manner'; and it is only when not so 'written, printed, impressed, or woven' that the name of a corporation is forbidden registration by section 5 of the Trade-Mark Act of 1905."

We do not agree with appellant's contention that it and appellee are engaged in the same business and that competition exists between the parties. Appellee sells flowers to retailers of flowers. Appellant does not sell flowers, but rather furnishes services to its members as hereinbefore mentioned. The record discloses that ap-

pellant does not consider appellee as a competitor. Mr. Besemer, executive secretary and general manager of appellant corporation, testified as follows:

"XQ 138. Mr. Besemer, does the Florists' Telegraph Delivery Association have any competition in the delivery of flowers by telegraph instructions? A. Yes.

"XQ 139. Will you name them? A. The Telegraph Delivery Service.

"XQ 140. Do you have any knowledge of the size of that concern? A. You mean, as far as membership is concerned?

"XQ 141. Yes. A. I believe that their membership is between 3,000 and 3,500.

"XQ 142. As I understand it, your membership in the United States approximates 6,500? A. About 6,750.

"XQ 143. Roughly, then, they are about half the size of the F.T.D. Association? A. Yes.

"XQ 144. Is there any other competition? A. No."

In the absence of a competitive relationship between the parties, we are unable to find that appellant would be damaged by the registration of appellee's mark, and we accordingly hold that appellant has no right to oppose the registration of the mark here in issue under section 6 of the Trade-Mark Act of February 20, 1905, 33 Stat. 726, as amended 15 U.S.C.A. § 86, Pocahontas Operators Association v. Carter Coal Co., 160 F.2d 114, 34 C.C.P.A., Patents, 926, 935; that, as held by the commissioner, applicant's mark, "F A D" is registrable under the name clause of section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85; that appellant's "F.T.D." is not itself a valid mark under that clause; and that, a fortiori appellee's mark is not subject to opposition on the grounds of confusing similarity with appellant's "F.T.D."

For the reasons hereinbefore stated, the decision of the commissioner is affirmed.

Affirmed.